

1  STEPHEN G. LARSON (SBN 145225)
   larson.stephen@arentfox.com
2  HARRY I. JOHNSON III (SBN 200257)
   johnson.harry@arentfox.com
3  RUTH M. HOLT (SBN 223152)
   holt.ruth@arentfox.com
4  ARENT FOX LLP
   555 West Fifth Street, 48th Floor
5  Los Angeles, CA 90013-1065
   Telephone:  213.629.7400
6  Facsimile:  213.629.7401

7  Attorneys for Defendants
   PANDA RESTAURANT GROUP, INC. and
8  PANDA EXPRESS, INC.

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13

14  ANTONIO ROMO, individually,          CASE NO. EDCV12-996-VAP (OPx)
    and on behalf of other members of
15  the general public similarly situated,

16              Plaintiff,               NOTICE OF REMOVAL OF CLASS
                                         ACTION COMPLAINT
17        v.
                                         FILED CONCURRENTLY WITH:
18  PANDA RESTAURANT GROUP,              (1) DECLARATION OF GIGI
    INC., a California corporation;      CHEUNG IN SUPPORT OF NOTICE
19  PANDA EXPRESS, INC., a               OF REMOVAL;  (2) DECLARATION
    California corporation; and DOES 1   OF JURE WESBY IN SUPPORT OF
20  through 10, inclusive,               NOTICE OF REMOVAL;  (3)
                                         DECLARATION OF BRANDON RHO
21              Defendants.              IN SUPPORT OF NOTICE OF
                                         REMOVAL; and (4) DECLARATION
22                                       OF FRANCISCO ROBLES IN
                                         SUPPORT OF NOTICE OF REMOVAL
23
                                         [28 U.S.C. §§ 1332, 1441, 1446 and
24                                       1453]

25                                       [Removed from Superior Court of
                                         California for the County of Riverside –
26                                       Case No. RIC 1206398]

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/1145440.4                                        NOTICE OF REMOVAL

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2       PLEASE TAKE NOTICE THAT Panda Restaurant Group, Inc. and Panda

3   Express, Inc. (collectively referred to as "Panda"), defendants in the above-titled

4   action, hereby jointly remove this matter from the Superior Court for the State of

5   California for the County of Riverside to the United States District Court for the

6   Central District of California, Eastern Division, pursuant to 28 U.S.C. § 1332,

7   §1441, § 1446, § 1453, the Class Action Fairness Act of 2005, and all other

8   applicable bases for removal.  The grounds for removal are as follows:

9   **Claims Asserted in Complaint**

10       1.    On or about April 27, 2012, Plaintiff Antonio Romo ("Plaintiff") filed

11   a Class Action Complaint in the Superior Court of the State of California for the

12   County of Riverside, Case No. RIC 1206398, captioned *Antonio Romo, individually*

13   *and on behalf of other members of the general public similarly situated, v. Panda*

14   *Restaurant Group, Inc., a California corporation, Panda Express, Inc., a*

15   *California corporation and Does 1 through 10, inclusive* (the "Action").

16       2.    This lawsuit arises from Plaintiff's employment with Panda.  Plaintiff

17   previously worked for Panda as a non-exempt employee at a Panda Express

18   restaurant in Riverside, California. *See* Compl., ¶ 20.  Plaintiff alleges three causes

19   of action on behalf of a putative class:  (1) failure to pay minimum wages (Labor

20   Code §§ 1194, 1197 and 1197.1), (2) failure to timely pay wages upon termination

21   (Labor Code §§ 201 and 202), and (3) unfair business practices (California

22   Business & Professions Code §§ 17200, et seq).   Plaintiff seeks to recover, on his

23   own behalf and on behalf of a class, unpaid minimum wages, liquidated damages in

24   an amount equal to the unpaid wages, premium pay for unprovided meal and rest

25   breaks, waiting time penalties under California Labor Code Section 203,

26   prejudgment interest and attorneys' fees.

27   **Compliance with Statutory Requirements**

28       3.    Defendant Panda Restaurant Group, Inc. was served with the

1    Complaint by substitute service on May 18, 2012, followed by mailing on May 21,

2    2012. *See* Ex. A to Notice of Proof of Service of Summons and Complaint

3    ("POS"), attached as Ex. H hereto.  On May 29, 2012, Plaintiff served the

4    Complaint on defendant Panda Express, Inc., and again served the Complaint on

5    Panda Restaurant Group, Inc.  *See* POS, Ex. B.  Panda's removal of this action is

6    timely because Defendants are removing this matter within 30 days of Plaintiff's

7    completion of service.  28 U.S.C. § 1446(b); Cal. Code Civ. Proc. § 415.20.

8        4.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the

9    Summons, filed in the Superior Court on April 27, 2012, and served on Defendant

10   Panda Restaurant Group, Inc. is attached hereto as Exhibit A.  A true and correct

11   copy of the Summons, filed in the Superior Court on April 27, 2012, and served on

12   Defendant Panda Express, Inc. is attached hereto as Exhibit B.  A true and correct

13   copy of the Class Action Complaint, filed in the Superior Court on April 27, 2012,

14   is attached hereto as Exhibit C, with the accompanying ADR Information Package.

15   A true and correct copy of the Civil Case Cover Sheet, filed in the Superior Court

16   on April 27, 2012, is attached hereto as Exhibit D.  A true and correct copy of the

17   Certificate of Counsel, filed in the Superior Court on April 27, 2012, is attached

18   hereto as Exhibit E.  A true and correct copy of the Notice of Assignment to

19   Department for Case Management Purposes and Case Management Conference,

20   filed in the Superior Court on April 30, 2012, is attached hereto as Exhibit F.  A

21   true and correct copy of the Notice of Related Case, filed in the Superior Court on

22   June 5, 2012, is attached hereto as Exhibit G.  A true and correct copy of the Notice

23   of Proof of Service of Summons and Complaint on Defendant Panda Restaurant

24   Group, Inc. and Defendant Panda Express Inc. is attached hereto as Exhibit H.

25   Panda has not served or been served with any other process, pleadings, or orders in

26   this action.

27       5.      Pursuant to 28 U.S.C. § 1446(d), Panda promptly will provide written

28   notice of removal of the Action to Plaintiff, and promptly will file a copy of this

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

1    Notice of Removal with the Clerk of the Superior Court of the State of California,

2    County of Riverside.

3                          **Intradistrict Assignment**

4         6.      Plaintiff filed this Action in the Superior Court of California, County

5    of Riverside; therefore, this case may properly be removed to the Eastern Division

6    of the Central District of California. 28 U.S.C. § 1441(a).

7                **Jurisdiction: Class Action Fairness Act**

8         7.      This Court has original jurisdiction over this matter pursuant to 28

9    U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L.

10   No. 109-2, 119 Stat. 14 ("CAFA")).  Under Section 1332(d), federal courts have

11   original diversity jurisdiction over a class action whenever:  (1) "any member of a

12   [putative] class of plaintiffs is a citizen of a State different from any defendant," 28

13   U.S.C. § 1332(d)(2)(A), (2) "the matter in controversy exceeds the sum or value of

14   $5,000,000, exclusive of interest and costs," and (3) "the number of members of all

15   proposed plaintiff classes in the aggregate is" more than 100.  28 U.S.C.

16   § 1332(d)(2), (5)(B).  All CAFA requirements are satisfied in this case.

17                        **Citizens of Different States**

18        8.      Members of the putative class and Panda are citizens of different

19   states.  28 U.S.C. §§ 1332(c)(1) & (d)(2).

20        9.      <u>Citizenship of Panda Restaurant Group, Inc. and Panda Express, Inc.</u>

21   A corporation's citizenship is determined by its state of incorporation and principal

22   place of business.  28 U.S.C. §1332(c)(1).  As the Supreme Court recently

23   announced, a corporation's principal place of business is its "nerve center." *Hertz*

24   *Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010).  A corporation's nerve center is its

25   headquarters – "the place where a corporation's officers direct, control, and

26   coordinate the corporation's activities." *Id.*

27        10.     Defendants Panda Restaurant Group, Inc. and Panda Express, Inc. are

28   both corporations incorporated under the laws of the State of California, with their

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/1145440.4                                        NOTICE OF REMOVAL

1    current principal place of business in that State. *See* Compl., ¶¶ 6, 7; Declaration of

2    Gigi Cheung ("Cheung Decl."), ¶ 1.

3        11.    <u>Citizenship of Putative Class Members.</u> For diversity purposes, a

4    person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley*

5    *Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the

6    place he resides with the intention to remain or to which he intends to return.

7    *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

8        12.    There are putative class members who were not citizens of California

9    at the time the Complaint was filed on April 27, 2012. These putative class

10   members remain citizens of other states at the time of this removal. For example,

11   Jure Wesby was an employee of Panda Restaurant Group, Inc. who worked as an

12   hourly employee in California during the alleged class period. *See* Declaration of

13   Jure Wesby ("Wesby Decl."), ¶ 2. However, prior to April 27, 2012, Mr. Wesby

14   stopped being a resident of California and became a citizen of Oklahoma. *See*

15   Wesby Decl., ¶ 3. He presently remains a citizen of Oklahoma. *See* Wesby Decl.,

16   ¶¶ 3-6.

17       13.    Brandon Rho also fits the class definition, as he was a Panda

18   Restaurant Group, Inc. hourly employee in California during the alleged class

19   period. *See* Declaration of Brandon Rho ("Rho Decl."), ¶ 1. However, he was not

20   a citizen of California at the time the Complaint was filed. *See* Rho Decl., ¶¶ 2, 3.

21   Nor is he currently a citizen of the State of California. *See* Rho Decl., ¶¶ 3, 4.

22       14.    Similarly, Francisco Robles is a putative class member because he

23   worked as an hourly Panda employee in California during the class period.

24   Declaration of Francisco Robles ("Robles Decl.") ¶ 2. However, Mr. Robles

25   relocated to another state in January 2012, and has not been a California citizen

26   since that time. Robles Decl., ¶¶ 6.

27       15.    Therefore, under 28 U.S.C. § 1332(d), this action is brought by

28   putative class members who are citizens of states that are different from the state of

Arent Fox LLP
Attorneys At Law
Los Angeles

LA/1145440.4

1    citizenship of the defendants.

2        16.    Once the foregoing minimal diversity has been established, removal is

3    proper under 28 U.S.C. § 1332(d).  *Serrano v. 180 Connect Inc.*, 478 F.3d 1018,

4    1019 (9th Cir. 2007).

5                              **Amount in Controversy**

6        17.    Under CAFA, the claims of individual class members are aggregated

7    to determine if the amount in controversy exceeds $5,000,000.  28 U.S.C. §

8    1332(d)(6).  The amount in controversy includes claims for general and special

9    damages (excluding costs and interest), penalties, and attorneys' fees if recoverable

10   by statute.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)

11   (claims for statutory attorneys' fees are included in amount in controversy);  *Saulic*

12   *v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007 WL 5074883, at *8

13   (C.D. Cal. Dec. 26, 2007) (considering the maximum penalty identified in the

14   statute for purposes of determining the amount in controversy under CAFA).

15       18.    In measuring the amount in controversy, a court must assume that the

16   allegations in the complaint are true and that a jury will return a verdict for the

17   plaintiff on all claims made in the complaint.  *Kenneth Rothschild Trust v. Morgan*

18   *Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate

19   inquiry is what amount is placed "in controversy" by the plaintiff's complaint, not

20   what a defendant will *actually* owe.  *Rippee v. Boston Mkt. Corp.,* 408 F. Supp. 2d

21   982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Soc'y of*

22   *the U.S.,* 347 F.3d 394, 399 (2d Cir. 2003).

23       19.    The Complaint alleges that Plaintiff is entitled to recover "damages,

24   restitution, penalties . . . and attorneys' fees in excess of twenty-five thousand

25   dollars."  Compl., ¶ 49, 12:2-3.  Where, as here, the Complaint does not allege a

26   specific amount in controversy, the removing party must show by a preponderance

27   of the evidence that the amount in controversy meets the jurisdictional threshold.

28   *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  However, a

removing defendant is **not** required to concede liability to establish the jurisdictional amount.  *Id.*  Though Panda concedes no liability on Plaintiff's claims, and does not concede the propriety or breadth of the class as alleged by Plaintiff, the Complaint places in controversy a sum <u>far greater</u> than $5,000,000.

20.      Plaintiff seeks to recover, on his own behalf and on behalf of "[a]ll non-exempt or hourly paid employees who worked for Defendants in California within four years prior to the filing of this complaint until the date of certification" (Compl., ¶ 15.):

- Waiting time penalties for alleged failure to pay all wages due (including unpaid wages for "off-the-clock" work and premium payments for allegedly unprovided meal and rest breaks) upon termination of employment (Compl., ¶¶ 38, 41);
- Compensatory damages for unpaid wages attributed to work allegedly performed "off-the-clock," and liquidated damages in an amount equal to the unpaid wages (Compl. ¶¶ 33, 35); and
- Restitution of the alleged unpaid wages as well as premium payments for allegedly unprovided meal and rest breaks (Compl., ¶¶ 45-49).

21.      <u>Section 203 Waiting Time Penalties</u>.  Plaintiff's claim for waiting penalties, standing alone, easily satisfies the amount-in-controversy necessary to establish this Court's jurisdiction under CAFA.  Plaintiff alleges that Panda "willfully failed to pay Plaintiff and class members who are no longer employed by Defendants all their earned wages, including, but not limited to, minimum wages, and missed meal and rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ."  Compl. ¶ 38.  On its face, Plaintiff's claim for waiting time penalties applies to all hourly employees who separated during the statutory period.  *Id.*  Plaintiff further alleges that "Plaintiff and class members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and class members' regular daily wages for

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/1145440.4

1     each day they were not paid, at their regular hourly rate of pay, up to a thirty (30)

2     day maximum pursuant to California Labor Code section 203." Compl. ¶ 41; Cal.

3     Labor Code § 203.

4         22.     The statute of limitations for a claim for waiting time penalties under

5     Labor Code Section 203 is three (3) years. *Pineda v. Bank of Am. N.A.,* 50 Cal. 4th

6     1389, 1398 (2010). Between April 27, 2009 (three years prior to the date the

7     Complaint was filed) and June 7, 2012, ten-thousand one hundred and seventy

8     (10,170) non-exempt, hourly Panda Express restaurant employees ("Panda

9     Employees") separated from employment with Panda. Cheung Decl., ¶ 3. These

10    separated Panda Employees earned, on average, more than $9.00 per hour. Cheung

11    Decl., ¶ 4. During this same time period (April 27, 2009 to June 7, 2012), Panda

12    Employees averaged more than 6 hours of work per workday. Cheung Decl., ¶ 5.

13        23.     Assuming, as the Court must, that Plaintiff's allegations are true, and

14    all of Panda's affirmative defenses to the waiting time penalties fail, the amount

15    placed in controversy <u>solely</u> by Plaintiff's claim for Section 203 waiting time

16    penalties far exceeds the amount in controversy requirement:

17

18    <u>Waiting Time Penalties Alleged: for "All non-exempt or hourly paid employees"</u>

19    **10,170** (separated employees) × **$9.00** (hourly rate) × **6** (hours/day) × **30** (days) =

20                                **$16,475,400**

21        Indeed, although Plaintiff's allegations indicate, on their face, that all

22    separated class members are entitled to waiting time penalties, the jurisdictional

23    amount would be satisfied if fewer than one-third (1/3) of these separated

24    employees failed to receive all wages due upon separation (disregarding any

25    affirmative defenses), as demonstrated below:

26    <u>Alternate Scenario: Penalties for 1/3 of Separated Panda Employees</u>

27    **3390** (1/3 separated employees) × **$9.00** (hourly rate) × **6** (hours/day) × **30** (days) =

28                                **$5,491,800**

Arent Fox LLP
Attorneys At Law
Los Angeles

LA/1145440.4                                    NOTICE OF REMOVAL

24.   Unpaid "Off-the-Clock" Wages.  Although the amount in controversy is satisfied solely by reference to Plaintiff's claim for waiting time penalties under Labor Code Section 203, Plaintiff's claim to recover alleged unpaid "off-the-clock" wages adds millions more to the amount in controversy.  Plaintiff alleges that "Plaintiff and class members were not paid at least minimum wages for work that was required to be done off-the-clock," and that "Defendants regularly failed to pay Plaintiff and class members at least minimum wages for this work."  Compl., ¶¶ 24, 32, 33.  Plaintiff seeks to recover both the amount of unpaid wages owed, and liquidated damages in an amount equal to those wages.  Compl., ¶ 35; see also Cal. Labor Code §§ 1194, 1194.2.  As with the Section 203 claim, Plaintiff's allegation applies, on its face, to all putative class members.  Indeed, the $5,000,000 amount in controversy is met if, under Panda's "regularly" occurring practice, each separated Panda Employee worked "off-the-clock" for just thirty-six (36) minutes per week, i.e., 0.6 hours per week, over the course of just one year of the four year limitation period:[1]

**Unpaid Wages**

**10,170** (employees) × **$9.00** (hourly rate) × **.6** (hours/week) × **52** (weeks)

× **2** (liquidated damages) = **$5,711,472**

25.   Meal and Rest Break Premium Payments.  Plaintiff also seeks restitution in the form of premium pay for allegedly unprovided meal and rest breaks.  Compl. ¶¶ 45-49.  Assuming that premium payments for missed breaks are "wages" for which restitutionary recovery is available (see Kirby v Immoos Fire Prot., Inc., 53 Cal. 4th 1244, 1254 (2012)), this allegation places several millions more in controversy.

---

[1]   While the limitations period for a claim arising under statute is generally three years, the limitations period on claims for wages is extended by one year if the conduct is alleged to violate California's unfair competition laws. Janik v. Rudy, Exelrod & Zieff, 119 Cal. App. 4th 930, 934 (2004); Bus. & Prof. Code § 17208.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
LA/1145440.4

26.   _Attorneys' Fees._  Plaintiff also seeks attorneys' fees on behalf of the putative class.  _See_ Compl., ¶¶ 34, 49, Prayer, ¶¶ 8, 19.  Attorneys' fees are properly included in the amount in controversy.  _See, e.g., Lowdermilk v. US Bank Nat'l Ass'n_, 479 F.3d 994, 1000 (9th Cir. 2007) (holding that statutorily-mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes); _Galt G/S_, 142 F.3d at 1156 ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  Here, although the amount in controversy is satisfied even without considering attorneys' fees (and, indeed, is independently satisfied by reference to just one of Plaintiff's three causes of action), the fact that Plaintiff seeks the recovery of fees only underscores that the CAFA amount-in-controversy threshold is easily satisfied in this case.

27.   In short, the amount in controversy requirement for CAFA jurisdiction is satisfied because the amount in controversy easily exceeds five million dollars.

### Number of Proposed Class Members

28.   The number of members of all proposed plaintiff classes in the aggregate exceeds 100.  _See_ 28 U.S.C. § 1332(d)(5)(B).  _See_ Cheung Decl., ¶ 3.

WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior Court of the State of California, County of Riverside.

DATED:  June 18, 2012                         ARENT FOX, LLP


By: _____
STEPHEN G. LARSON
HARRY I. JOHNSON, III
RUTH M. HOLT
Attorneys for Defendants
PANDA RESTAURANT GROUP,
INC. AND PANDA EXPRESS, INC.

# EXHIBIT A

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 27 2012

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PANDA RESTAURANT GROUP, INC., a California corporation,
Additional Parties Attachment Form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**BY FAX**

ANTONIO ROMO, individually, and on behalf of other members of the
general public similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
| --- | --- |
| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside Superior Court | RIC 1206398 |

**Historic Courthouse**
4050 Main Street, Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Initiative Legal Group APC, 1800 Century Park East, Second Floor, Los Angeles, CA 90067
Melissa Grant (SBN 205633); Arnab Banerjee (SBN 252618); Telephone: (310) 556-5637

| DATE: *(Fecha)* | 4/27/12 | Clerk, by *(Secretario)* | J. ALVAREZ | , Deputy *(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Panda Restaurant Group, Inc. A California Corporation
   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT ___A___   PAGE ___11___

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Romo v. Panda Restaurant Group, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

PANDA EXPRESS, INC., a California corporation; and DOES 1 through 10, inclusive

Page _____ of _____
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

EXHIBIT____A____   PAGE____12____

# EXHIBIT B

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 27 2012

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PANDA RESTAURANT GROUP, INC., a California corporation,
Additional Parties Attachment Form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**        BY FAX
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANTONIO ROMO, individually, and on behalf of other members of the
general public similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Riverside Superior Court | IC 1206398 |

Historic Courthouse
4050 Main Street, Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Initiative Legal Group APC, 1800 Century Park East, Second Floor, Los Angeles, CA 90067
Melissa Grant (SBN 205633); Arnab Banerjee (SBN 252618); Telephone: (310) 556-5637

DATE:  4/27/12    Clerk, by  J. ALVAREZ , Deputy
*(Fecha)*        *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Panda Express, Inc., a California corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):                                Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT  B   PAGE  13

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Romo v. Panda Restaurant Group, Inc., et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

PANDA EXPRESS, INC., a California corporation; and DOES 1 through 10, inclusive

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

EXHIBIT ___B___   PAGE ___14___

EXHIBIT C

1  Melissa Grant (SBN (205633)
   mgrant@InitiativeLegal.com
2  Valerie Kincaid (SBN 123728)
   vkincaid@ InitiativeLegal.com
3  Arnab Banerjee (SBN 252618)
   abanerjee@InitiativeLegal.com
4  Initiative Legal Group APC
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone:   (310) 556-5637
6  Facsimile:   (310) 861-9051

7

8  Attorneys for Plaintiff Antonio Romo

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF RIVERSIDE

11

12 ANTONIO ROMO, individually, and on       Case No.:   RIC   1206398
   behalf of other members of the general
13 public similarly situated,                CLASS ACTION COMPLAINT

14                Plaintiff,       **BY FAX**    (1)   Violation of California Labor Code
                                                      §§ 1194, 1197, and 1197.1 (Unpaid
15        vs.                                          Minimum Wages);
                                                (2)   Violation of California Labor Code
16 PANDA RESTAURANT GROUP, INC., a                     §§ 201 and 202 (Wages Not Timely Paid
   California corporation; PANDA EXPRESS,              Upon Termination); and
17 INC., a California corporation; and DOES 1   (3)   Violation of California Business &
   through 10, inclusive,                             Professions Code §§ 17200, et seq.
18
                  Defendants.              **Jury Trial Demanded**
19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

                      CLASS ACTION COMPLAINT

EXHIBIT_____C_____   PAGE_____15_____

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
APR 27 2012

Plaintiff, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

5. Plaintiff ANTONIO ROMO ("Plaintiff") is a resident of Riverside County, California.

6. Defendant PANDA RESTAURANT GROUP, INC. ("PANDA") was and is, upon information and belief, a California corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, or the various states of the United States of America.

7. Defendant PANDA EXPRESS, INC. ("PANDA EXPRESS") was and is, upon information and belief, a California corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the

Page 1

CLASS ACTION COMPLAINT

EXHIBIT_____C_____ PAGE_____16_____

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  State of California, or the various states of the United States of America.

2      8.     Plaintiff is unaware of the true names or capacities of the Defendants sued

3  herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to

4  amend the complaint and serve such fictitiously named Defendants once their names and

5  capacities become known.

6      9.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

7  are the partners, agents, owners, shareholders, managers or employees of PANDA EXPRESS,

8  INC. and PANDA RESTAURANT GROUP, INC.

9      10.    Plaintiff is informed and believes, and thereon alleges, that each and all of the

10 acts and omissions alleged herein was performed by, or is attributable to, PANDA EXPRESS,

11 INC. and PANDA RESTAURANT GROUP, INC., and/or DOES 1 through 10 (collectively

12 "Defendants"), each acting as the agent for the other, with legal authority to act on the other's

13 behalf. The acts of any and all Defendants were in accordance with, and represent, the official

14 policy of Defendants.

15     11.    At all relevant times, Defendants, and each of them, ratified each and every act

16 or omission complained of herein. At all relevant times, Defendants, and each of them, aided

17 and abetted the acts and omissions of each and all the other Defendants in proximately causing

18 the damages herein alleged.

19     12.    Plaintiff is informed and believes, and thereon alleges, that each of said

20 Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

21 omissions, occurrences, and transactions alleged herein.

22                        **CLASS ACTION ALLEGATIONS**

23     13.    Plaintiff brings this action on his own behalf, as well as on behalf of each and

24 all other persons similarly situated, and thus, seeks class certification under California Code of

25 Civil Procedure section 382.

26     14.    All claims alleged herein arise under California law for which Plaintiff seeks

27 relief authorized by California law.

28

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

EXHIBIT_____C_____   PAGE_____17_____

15.     Plaintiff's proposed class consists of and is defined as follows:
All non-exempt or hourly paid employees who worked for
Defendants in California within four years prior to the filing of
this complaint until the date of certification ("Class").

16.     Plaintiff reserves the right to redefine the above Class and to establish
subclasses as appropriate based on discovery and specific theories of liability.

17.     Members of the Class will collectively be referred to hereinafter as "class
members."

18.     There are common questions of law and fact as to the Class that predominate
over questions affecting only individual members, including, but not limited to:

(a)     Whether Defendants failed to pay at least minimum wage for all hours
worked by Plaintiff and class members;

(b)     Whether Defendants deprived Plaintiff and class members of meal
periods or required Plaintiff and class members to work during meal
periods without compensation;

(c)     Whether Defendants deprived Plaintiff and class members of rest
periods or required Plaintiff and class members to work during rest
periods without compensation;

(d)     Whether Defendants failed to timely pay all wages due to Plaintiff and
class members upon termination;

(e)     Whether Defendants failed to timely pay all earned wages to Plaintiff
and class members during their employment;

(f)     Whether Defendants engaged in unfair business practices in violation of
California Business & Professions Code sections 17200, *et seq.*; and

(g)     The appropriate amount of damages, restitution, or monetary penalties
resulting from Defendants' violations of California law.

19.     There is a well-defined community of interest in the litigation and the Class is
readily ascertainable:

Page 3

CLASS ACTION COMPLAINT

EXHIBIT_____C_____   PAGE_____18_____

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

(a)  Numerosity: The members of the class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than one hundred (100) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

(b)  Typicality: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

(c)  Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)  Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

EXHIBIT ___C___   PAGE ___19___

(e)   Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

## GENERAL ALLEGATIONS

20.   Defendants employed Plaintiff in a non-exempt, hourly paid restaurant position from approximately November 2008 to sometime in 2010 at Defendants' Riverside, California business location.

21.   Defendants continue to employ non-exempt, hourly paid employees within California.

22.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

23.   Plaintiff is informed and believes, and thereon alleges, that employees were not paid for all hours worked because all hours worked were not recorded.

24.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock. In violation of the California Labor Code, Plaintiff and class members were not paid at least minimum wages for work done off-the-clock.

25.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

Page 5

CLASS ACTION COMPLAINT

EXHIBIT _____C_____   PAGE_____20_____

1 should have known that Plaintiff and class members were entitled to receive all meal periods

2 or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of

3 pay when they did not receive a timely uninterrupted meal period, and that they did not

4 receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and class

5 members' regular rate of pay when they did not receive a timely uninterrupted meal period.

6     26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

7 should have known that Plaintiff and class members were entitled to receive all rest periods or

8 payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay

9 when a rest period was missed, and that they did not receive all rest periods or payment of one

10 (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest

11 period was missed.

12     27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

13 should have known that Plaintiff and class members were entitled to timely payment of all

14 wages earned upon termination. In violation of the California Labor Code, Plaintiff and class

15 members did not receive payment of all wages, including, but not limited to, minimum wages,

16 and unpaid meal and rest period premium wages within permissible time periods.

17     28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

18 should have known that Plaintiff and class members were entitled to timely payment of wages

19 during their employment. In violation of the California Labor Code, Plaintiff and class

20 members did not receive payment of all wages, including, but not limited to, minimum wages,

21 and unpaid meal and rest period premium wages within permissible time periods.

22     29.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

23 mentioned, Defendants knew or should have known that they had a duty to compensate

24 Plaintiff and class members, and that Defendants had the financial ability to pay such

25 compensation, but willfully, knowingly and intentionally failed to do so, and falsely

26 represented to Plaintiff and other class members that they were properly denied wages, all in

27 order to increase Defendants' profits.

28

CLASS ACTION COMPLAINT

EXHIBIT_____ C _____ PAGE____ 21 ____

**FIRST CAUSE OF ACTION**

Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages

(Against All Defendants)

30.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 29.

31.    At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

32.    During the relevant time period, Plaintiff and other members worked off-the-clock in order to complete their assigned work. For instance, Plaintiff's scheduled hours were not enough for him to complete all the required work because the restaurant was busy and understaffed. As a result, Plaintiff had to perform this work off-the-clock in the mornings before his actual shift began. Plaintiff and class members were not paid for this off-the-clock work and not paid the minimum wages as required.

33.    During the relevant time period, Defendants regularly failed to pay Plaintiff and class members at least minimum wages for this work as required by California Labor Code sections 1194, 1197 and 1197.1.

34.    Defendants' failure to pay Plaintiff and class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees.

35.    Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC

1888 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

EXHIBIT _____C_____ PAGE _____22_____

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202 —

### Wages Not Timely Paid Upon Termination

### (Against All Defendants)

36.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 35.

37.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

38.     During the relevant time period, Defendants wilfully failed to pay Plaintiff and class members who are no longer employed by Defendants all their earned wages, including, but not limited to, minimum wages, and missed meal and rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

39.     Defendants' failure to pay Plaintiff and class members who are no longer employed by Defendants all their earned wages at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

40.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

41.     Plaintiff and class members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and class members' regular daily wages for

Page 8

CLASS ACTION COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

EXHIBIT_____C_____   PAGE_____23_____

1    each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day

2    maximum pursuant to California Labor Code section 203.

### THIRD CAUSE OF ACTION

#### Violation of California Business & Professions Code §§ 17200, *et seq.*

#### (Against All Defendants)

6        42.   Plaintiff incorporates by reference and re-alleges as if fully stated herein the

7    material allegations set out in paragraphs 1 through 41.

8        43.   Defendants' conduct, as alleged herein, has been, and continues to be unfair,

9    unlawful, and harmful to Plaintiff, class members, and to the general public.  Plaintiff seeks to

10   enforce important rights affecting the public interest within the meaning of Code of Civil

11   Procedure section 1021.5.

12       44.   Defendants' activities, as alleged herein, are violations of California law, and

13   constitute unlawful business acts and practices in violation of California Business &

14   Professions Code sections 17200, *et seq.*

15       45.   A violation of California Business & Professions Code sections 17200, *et seq.*

16   may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

17   policies and practices have violated state law in at least the following respects:

18       (a)   Failing to pay Plaintiff and class members at least minimum wage in

19   violation of California Labor Code sections 1194, 1197 and 1197.1 and

20   the applicable Industrial Welfare Commission Order;

21       (b)   Failing to timely pay all earned wages to Plaintiff and class members in

22   violation of California Labor Code sections 201, 202, 203, and 204 and

23   the applicable Industrial Welfare Commission Order; and

24       (c)   Failing to provide uninterrupted meal and rest periods or to pay

25   premium wages for missed meal and rest periods to Plaintiff and class

26   members in violation of California Labor Code sections 226.7 and 512

27   as set forth below.

28

INITIATIVE LEGAL GROUP APC

1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

EXHIBIT _____ C _____ PAGE _____ 24 _____

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

46. California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC. The applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. California Labor Code section 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. During the relevant time period, Plaintiff and class members did not receive timely meal periods of at least thirty (30) minutes for every five (5) hours worked because they were too busy as a result of the large volume of work they had to perform in an often understaffed restaurant. They had to forgo their breaks in order to complete breaks and did not have any persons to relieve them in order to take breaks. Defendants failed to pay Plaintiff and class members employees the full meal period premium due pursuant to California Labor Code section 226.7.

47. California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours. During the relevant time period, Plaintiff and class members did not receive a ten (10) minute rest period for every four

Page 10

CLASS ACTION COMPLAINT

EXHIBIT_____C_____ PAGE_____25_____

1   (4) hours worked because they were too busy as a result of the large work volume they had to

2   perform in an often understaffed restaurant. They had to forgo their breaks in order to

3   complete breaks and did not have any persons to relieve them in order to take breaks.

4   Defendants failed to pay Plaintiff and class members the full rest period premium due

5   pursuant to California Labor Code section 226.7.

6       48.     California Labor Code section 204 requires that all wages earned by any person

7   in any employment between the 1st and the 15th days, inclusive, of any calendar month, other

8   than those wages due upon termination of an employee, are due and payable between the 16th

9   and the 26th day of the month during which the labor was performed, and that all wages

10   earned by any person in any employment between the 16th and the last day, inclusive, of any

11   calendar month, other than those wages due upon termination of an employee, are due and

12   payable between the 1st and the 10th day of the following month. California Labor Code

13   section 204 also requires that all wages earned for labor in excess of the normal work period

14   shall be paid no later than the payday for the next regular payroll period. During the relevant

15   time period, Defendants failed to pay Plaintiff and other class members all wages due to them

16   within any time period specified by California Labor Code section 204 including, but not

17   limited to, unpaid minimum wages, and missed meal and rest period premiums.

18       49.     Pursuant to California Business & Professions Code sections 17200 *et seq.*,

19   Plaintiff and class members are entitled to restitution of the wages withheld and retained by

20   Defendants during a period that commences four years prior to the filing of this complaint; a

21   permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

22   class members; an award of attorneys' fees pursuant to California Code of Civil Procedure

23   section 1021.5 and other applicable laws; and an award of costs.

24                          **REQUEST FOR JURY TRIAL**

25       Plaintiff requests a trial by jury.

26                          **PRAYER FOR RELIEF**

27       Plaintiff, on behalf of all others similarly situated, prays for relief and judgment

28

Page 11

CLASS ACTION COMPLAINT

EXHIBIT____C____   PAGE____26____

against Defendants, jointly and severally, as follows:

1.  For damages, restitution, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000).

### Class Certification

2.  That this class be certified as a class action;

3.  That Plaintiff be appointed as the representative of the Class and each subclass;

4.  That counsel for Plaintiff be appointed as class counsel.

### As to the First Cause of Action

5.  That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to Plaintiff and class members;

6.  For general unpaid wages and such general and special damages as may be appropriate;

7.  For pre-judgment interest on any unpaid compensation from the date such amounts were due;

8.  For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

9.  For liquidated damages pursuant to California Labor Code section 1194.2; and

10. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

11. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay Plaintiff and class members who are no longer employed by Defendants all their earned wages, including unpaid minimum wages, and unpaid meal and rest period premium wages either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ;

12. For all actual, consequential and incidental losses and damages, according to

INITIATIVE LEGAL GROUP APC

EXHIBIT_____ C _____ PAGE_____ 27

proof;

13. For waiting time penalties according to proof pursuant to California Labor Code section 203 for all class members who have left Defendants' employ;

14. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

15. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

16. That the Court declare, adjudge, and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and Class Members all minimum wages due to them, failing to provide compliant wage statements, failing to timely pay all earned wages upon termination and during employment, failing to provide all meal and rest periods, and failing to pay for all missed meal and rest periods;

17. For restitution of unpaid wages to Plaintiff and all class members and pre-judgment interest from the day such amounts were due and payable;

18. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

19. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

20. For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code sections 17200, *et seq*; and

21. For such other and further relief as the Court may deem equitable and appropriate.

CLASS ACTION COMPLAINT

EXHIBIT_____C_____ PAGE_____28_____



Dated:  April 27, 2012

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Initiative Legal Group APC

By: _____

Melissa Grant
Valerie Kincaid
Arnab Banerjee

Attorneys for Plaintiff Antonio Romo

Page 14

CLASS ACTION COMPLAINT

EXHIBIT___C___ PAGE_____29



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
www.riverside.courts.ca.gov
Self-represented parties: http://riverside.courts.ca.gov/selfhelp/self-help.shtml

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) –
### INFORMATION PACKAGE
(California Rules of Court, Rule 3.221; Local Rule, Title 3, Division 2)

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. ***

---

**What is ADR?**
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

**Advantages of ADR:**
- **Faster:** ADR can be done in a 1-day session within months after filing the complaint.
- **Less expensive:** Parties can save court costs and attorneys' and witness fees.
- **More control:** Parties choose their ADR process and provider.
- **Less stressful:** ADR is done informally in private offices, not public courtrooms.

**Disadvantages of ADR:**
- **No public trial:** Parties do not get a decision by a judge or jury.
- **Costs:** Parties may have to pay for both ADR and litigation.

**Main Types of ADR:**

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

**Mediation may be appropriate when the parties:**
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

**Mediation is not appropriate when the parties:**
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1A (Rev. 1/1/12)

EXHIBIT_____C_____    PAGE_____30_____

Arbitration may be appropriate when the parties:
- Want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

### RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.
   (Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1A [Rev. 1/1/12]

EXHIBIT_____C_____ PAGE_____31_____

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:         FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

- ☐ Banning - 135 N. Alessandro Road, Banning, CA 92220
- ☐ Hemet - 880 N. State Street, Hemet, CA 92543
- ☐ Indio - 46-200 Oasis Street, Indio, CA 92201
- ☐ Riverside - 4050 Main Street, Riverside, CA 92501
- ☐ Temecula - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591

| | |
|---|---|
| PLAINTIFF(S): | CASE NUMBER: |
| DEFENDANT(S): | |
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)** <br> (CRC 3.2221; Local Rule, Title 3, Division 2) | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation        ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation        ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration        ☐ Other (describe):_____

Proposed date to complete ADR: _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
|---|---|---|
| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |
| PRINT NAME OF PARTY OR ATTORNEY <br> ☐ Plaintiff ☐ Defendant | SIGNATURE OF PARTY OR ATTORNEY | DATE |

☐ Additional signature(s) attached

Page 3 of 3

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR19 [Rev. 1/1/12]

**ALTERNATIVE DISPUTE RESOLUTION (ADR)**
**STIPULATION**

EXHIBIT_____C_____ PAGE_____32_____

# EXHIBIT D

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>— Melissa Grant (SBN 205633); Arnab Banerjee (SBN 252618)<br>■ INITIATIVE LEGAL GROUP APC<br>1800 Century Park East, Second Floor<br>Los Angeles, CA 90067<br>  TELEPHONE NO.: (310) 556-5637   FAX NO.: (310) 861-9051<br>ATTORNEY FOR (Name): Plaintiff Antonio Romo | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside
  STREET ADDRESS: 4050 Main Street
  MAILING ADDRESS: 4050 Main Street
  CITY AND ZIP CODE: Riverside 92501
  BRANCH NAME: Historic Courthouse

**BY FAX**

CASE NAME:
Romo v. Panda Restaurant Group, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: | 1206398 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify):  Three (3)
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 27, 2012
Arnab Banerjee
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

EXHIBIT     D           PAGE       33

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Page 2 of 2



**EXHIBIT** D   **PAGE** 34

EXHIBIT E

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220<br>☐ BLYTHE 265 N. Broadway, Blythe, CA 92225<br>☒ RIVERSIDE 4050 Main St., Riverside, CA 92501<br>☐ HEMET 880 N. State St., Hemet, CA 92543 | ☐ INDIO 46-200 Oasis St., Indio, CA 92201<br>☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553<br>☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563<br>☐ TEMECULA 41002 County Center Dr. Ste. 100, Temecula, CA 92591 |

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
Melissa Grant (SBN 205633); Arnab Banerjee (SBN 252618)   **BY FAX**
INITIATIVE LEGAL GROUP APC
1800 Century Park East, Second Floor
Los Angeles, CA 90067
TELEPHONE NO: (310) 556-5637   FAX NO. (Optional): (310) 861-9051
E-MAIL ADDRESS (Optional): ABanerjee@initiativelegal.com
ATTORNEY FOR (Name): Plaintiff Antonio Romo

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 27 2012

PLAINTIFF/PETITIONER: Antonio Romo

DEFENDANT/RESPONDENT: Panda Restaurant Group, Inc., et al.

CASE NUMBER: **RIC   1206398**

**CERTIFICATE OF COUNSEL**

All civil cases shall be filed in the following courthouses based on the zip code of the area in which the cause of action arose.

The undersigned certifies that this matter should be tried or heard in the following court:

| | | | |
|---|---|---|---|
| ☐ Banning | ☐ Blythe | ☐ Hemet | ☐ Murrieta |
| ☐ Moreno Valley | ☒ Riverside | ☐ Indio | ☐ Temecula |

For the reasons specified below:

☒ The action arose in the zip code of: _____ or
  City/Community of: Riverside _____

☐ The action concerns real property located in the zip code of: _____ or
  City/Community of: _____

☐ The Defendant resides in the zip code of: _____ or
  City/Community of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  04/27/12 _____

Arnab Banerjee _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____ (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-030 (Rev. 01/10)   **CERTIFICATE OF COUNSEL**   Page 1 of 1
Local Rule 3115
riverside.courts.ca.gov/localfrms/localfrms.shtml

**EXHIBIT** E   **PAGE** 35

EXHIBIT F

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street - 2nd Floor
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

ROMO VS PANDA RESTAURANT GROUP INC

CASE NO. RIC 1206398

This case is assigned to the Honorable Judge Sharon J. Waters
in Department 10 for case management purposes.
The Case Management Conference is scheduled for 10/31/12
at  8:30 in Department 10.

Case is Assigned to Department 12 for Law and Motion Purposes.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(a)(2) shall be
filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing
notice on this date, by depositing said copy as stated above.

Dated: 04/30/12                    Court Executive Officer/Clerk

                          By: _____
                              JAMIE M ALVAREZ, Deputy Clerk

ac:cmc;cmcb;cmch;cmct;cmcc
cmccb;cmcch;cmcct

EXHIBIT___F___   PAGE___36___

EXHIBIT G

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Harry I. Johnson, III (SBN 200257)<br>ARENT FOX LLP<br>555 W. Fifth Street, 48th Floor<br>Los Angeles, CA 90013<br>TELEPHONE NO.: 213-629-7400  FAX NO. *(Optional):* 213-629-7401<br>E-MAIL ADDRESS *(Optional):* johnson.harry@arentfox.com<br>ATTORNEY FOR *(Name):* Defendants | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>JUN 05 2012 |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE | |
|---|---|
| STREET ADDRESS: 4050 Main Street, 2nd Floor | |
| MAILING ADDRESS: 4050 Main Street, 2nd Floor | |
| CITY AND ZIP CODE: Riverside, CA 92501 | |
| BRANCH NAME: Historic Courthouse | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: ANTONIO ROMO | CASE NUMBER:<br>RIC 1206398 |
| DEFENDANT/RESPONDENT: PANDA RESTAURANT GROUP, INC., ET AL. | JUDICIAL OFFICER:<br>SHARON J. WATERS |
| **NOTICE OF RELATED CASE** | DEPT:<br>10 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title:  Josephina Flores Diaz, v. Panda Restaurant Group, Inc., et al.

    b.  Case number: BC 459861

    c.  Court: ☐  same as above
        ☒  other state or federal court *(name and address):* LASC-CCW, 600 Só. Commonwealth Ave., LA, CA 90005

    d.  Department: 322

    e.  Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

    f.  Filing date: April 18, 2011

    g.  Has this case been designated or determined as "complex?" ☒ Yes ☐ No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

        ☐  involves the same parties and is based on the same or similar claims.

        ☒  arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐  involves claims against, title to, possession of, or damages to the same property.

        ☒  is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐  Additional explanation is attached in attachment 1h

    i.  Status of case:

        ☒  pending

        ☐  dismissed  ☐  with  , ☐  without prejudice

        ☐  disposed of by judgment

2.  a.  Title:

    b.  Case number:

    c.  Court: ☐  same as above
        ☐  other state or federal court *(name and address):*

    d.  Department:

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com

EXHIBIT___G___  PAGE____37____

CM-015

| PLAINTIFF/PETITIONER:   ANTONIO ROMO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PANDA RESTAURANT GROUP, INC., ET AL. | RIC 1206398 |

2.  *(continued)*

   e.  Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f.  Filing date:

   g.  Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h.  Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 2h

   i.  Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3.  a.  Title:

   b.  Case number:

   c.  Court: ☐ same as above

      ☐ other state or federal court *(name and address):*

   d.  Department:

   e.  Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f.  Filing date:

   g.  Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h.  Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☐ Additional explanation is attached in attachment 3h

   i.  Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4.  ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: June 4, 2012

Harry I. Johnson, III
[TYPE OR PRINT NAME OF PARTY OR ATTORNEY]

_____
(SIGNATURE OF PARTY OR ATTORNEY)

CM-015 [Rev. July 1, 2007]          **NOTICE OF RELATED CASE**          Page 2 of 3

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT ___G___   PAGE ___38___

CM-015

| PLAINTIFF/PETITIONER:   ANTONIO ROMO | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PANDA RESTAURANT GROUP, INC., ET AL. | RIC 1206398 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is (specify):

2. I served a copy of the Notice of Related Case by enclosing it in a sealed envelope with first-class postage fully prepaid and (check one):
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The Notice of Related Case was mailed:
   a. on (date): June 4, 2012
   b. from (city and state): Los Angeles, CA

4. The envelope was addressed and mailed as follows:
   a. Name of person served: Launa Adolph, Esq., Khorrami LLP
   Street address: 444 So. Flower St., 33rd Floor
   City: Los Angeles
   State and zip code: CA 90071

   b. Name of person served: Gary K. Dagilan, Esq, Dagilan Law Group
   Street address: 1000 No. Central Ave., Suite 210
   City: Glendale
   State and zip code: CA 91202

   c. Name of person served: Melissa Grant, Esq. Initiative Legal Group APC
   Street address: 1800 Century Park East, Second Floor
   City: Los Angeles
   State and zip code: CA 90067

   d. Name of person served:
   Street address:
   City:
   State and zip code:

☒ Names and addresses of additional persons served are attached. (You may use form POS-030(P).)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 4, 2012

EvaAngelina Rubio
(TYPE OR PRINT NAME OF DECLARANT)

▶ _(signature)_
(SIGNATURE OF DECLARANT)

EXHIBIT___G___   PAGE___39___

# EXHIBIT H



1  Melissa Grant (SBN (205633)
   mgrant@InitiativeLegal.com
2  Valerie Kincaid (SBN 123728)
   vkincaid@InitiativeLegal.com
3  Arnab Banerjee (SBN 252618)
   abanerjee@InitiativeLegal.com
4  Initiative Legal Group APC
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone:    (310) 556-5637
6  Facsimile:    (310) 861-9051

7

8  Attorneys for Plaintiff Antonio Romo

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF RIVERSIDE

11

12  ANTONIO ROMO, individually, and on      Case No.: RIC 1206398
    behalf of other members of the general
13  public similarly situated,              CLASS ACTION

14          Plaintiff,                      ASSIGNED FOR CASE MANAGEMENT
                                            PURPOSES TO:
15      vs.                                 Judge: Sharon J. Waters
                                            Dept.: 10
16  PANDA RESTAURANT GROUP, INC., a
    California corporation; PANDA EXPRESS,   NOTICE OF PROOF OF SERVICE OF
17  INC., a California corporation; and DOES 1  SUMMONS AND COMPLAINT ON
    through 10, inclusive,                  DEFENDANT PANDA RESTAURANT
18                                          GROUP, INC. AND DEFENDANT PANDA
            Defendants.                     EXPRESS, INC.
19

20                                          Complaint Filed: April 27, 2012
                                            Trial Date: None Set
21

22

23                                          BY FAX

24

25

26

27

28

NOTICE OF PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANTS

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUN 08 2012
C. Mundo

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

EXHIBIT ____H____  PAGE____40____

**TO THE HONORABLE COURT:**

1
2      On May 18, 2012, Defendant Panda Restaurant Group, Inc. ("Panda Group") was
3 served with the Summons, Complaint and accompanying documents. Service was effectuated
4 by personal service on Donna Wanser, who was authorized to accept service of process on
5 behalf of Panda Group, and by mail service on Monte Baier, the Agent for Service of Process
6 for Panda Group.

7      On May 29, 2012, Panda Group was again served the Summons, Complaint and
8 accompanying documents. Service was effectuated by personal service on Donna Wanser,
9 who was authorized to accept service of process on behalf of Panda Group.

10      On May 29, 2012 Defendant Panda Express, Inc. ("Panda Express") was served with
11 the Summons, Complaint and accompanying documents. Service was effectuated by personal
12 service on Donna Wanser, who was authorized to accept service of process on behalf of Panda
13 Express.

14      Attached as Exhibit A is a true and correct copy of the Proof of Service of Summons,
15 Complaint and accompanying papers served on Panda Group by substituted service, with
16 Declaration of Mailing.

17      Attached as Exhibit B is a true and correct copy of Proof of Service of Summons,
18 Complaint and accompanying papers served on Panda Group by personal service.

19      Attached as Exhibit C is a true and correct copy of Plaintiff's Proof of Service of
20 Summons, Complaint and accompanying papers served on Panda Express by personal service.

21
22 Dated: June 8, 2012             Respectfully submitted,

23                         Initiative Legal Group APC

24
25              By: _____

26                    Melissa Grant
                       Valerie Kincaid
27                    Arnab Banerjee

28                    Attorneys for Plaintiff Antonio Romo

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 1

EXHIBIT _____H_____ PAGE _____41_____

# EXHIBIT A

Romo v. Panda Restaurant Group, Inc., et al.
Case No.: RIC1206398
Exhibit A to the Notice of Proof of Service of Summons

| Attorney or Party without Attorney: | | | | | For Court Use Only |
|---|---|---|---|---|---|
| INITIATIVE LEGAL GROUP<br>1800 CENTURY PARK EAST<br>2ND FLOOR<br>LOS ANGELES, CA 90067<br>*Telephone No:* 310-556-5637   *FAX No:* 310-861-9051 | | | | | |

*Ref. No. or File No.:* ROMO vs. PANDA

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
RIVERSIDE SUPERIOR COURT – CENTRAL

*Plaintiff:* ANTONIO ROMO

*Defendant:* PANDA RESTAURANT GROUP, INC., et al.

| PROOF OF SERVICE<br>SUMMONS AND CLASS | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>RIC1206398 |
|---|---|---|---|---|

*1.* At the time of service I was at least 18 years of age and not a party to this action.

*2.* I served copies of the SUMMONS AND CLASS ACTION COMPLAINT; CERTIFICATE OF COUNSEL; CIVIL CASE COVER SHEET; NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES AND CASE MANAGEMENT CONFERENCE (CRC 3.722); ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE; (BLANK) STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR).

*3. a. Party served:*
*b. Person served:*

PANDA RESTAURANT GROUP, INC., A CALIFORNIA CORPORATION
MONTE BAIER, AGENT FOR SERVICE OF PROCESS BY SERVING DONNA WANSER, VICE PRESIDENT OF LEGAL, AUTHORIZED TO ACCEPT SERVICE OF PROCESS

*4. Address where the party was served:*

MONTE BAIER, AGENT FOR SERVICE
1683 WALNUT GROVE AVE.
ROSEMEAD, CA 91770

*5. I served the party:*
*b. by substituted service.* On: Fri., May. 18, 2012 at: 5:31PM I left the documents listed in item 2 with or in the presence of:
DONNA WANSER, VICE PRESIDENT OF LEGAL, AUTHORIZED TO ACCEPT SERVICE OF PROCESS

(1) (Business) Authorized to Accept. I informed him or her of the general nature of the papers.
(4) A declaration of mailing is attached.

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
on behalf of: PANDA RESTAURANT GROUP, INC., A CALIFORNIA CORPORATION
Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*
a. MINH TRAN
b. ProLegal
1706 S. Figueroa Street
LOS ANGELES, CA 90015
c. (213) 481-8100, FAX (213) 763-8440

Recoverable Cost Per CCP 1033.5(a)(4)(B)
d. *The Fee for Service was:*
e. I am: (3) registered California process server
(i) Employee
(ii) *Registration No.:*   6102
(iii) *County:*   Los Angeles
(iv) *Expiration Date:*   Mon, Apr. 08, 2013

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

*Date:* Mon, May. 21, 2012

(MINH TRAN)   4080489   .lmlv.48311

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS AND CLASS

EXHIBIT _____H_____   PAGE_____43

| Attorney or Party without Attorney: INITIATIVE LEGAL GROUP 1800 CENTURY PARK EAST 2ND FLOOR LOS ANGELES, CA 90067 Telephone No: 310-556-5637   FAX No: 310-861-9051 | For Court Use Only |
|---|---|

Ref. No or File No.:
ROMO vs. PANDA

Attorney for: **Plaintiff**

Insert name of Court, and Judicial District and Branch Court:
RIVERSIDE SUPERIOR COURT - CENTRAL

Plaintiff: ANTONIO ROMO

Defendant: PANDA RESTAURANT GROUP, INC., et al.

| **PROOF OF SERVICE** **By Mail** | Hearing Date: | Time: | Dept/Div: | Case Number: RIC1206398 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the SUMMONS AND CLASS ACTION COMPLAINT; CERTIFICATE OF COUNSEL; CIVIL CASE COVER SHEET; NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES AND CASE MANAGEMENT CONFERENCE (CRC 3.722); ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE; (BLANK) STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR).

3. By placing a true copy of each document in the United States mail, in a sealed envelope by First Class mail with postage prepaid as follows:

   a. Date of Mailing:          Mon., May. 21, 2012
   b. Place of Mailing:         LOS ANGELES, CA 90015
   c. Addressed as follows:     PANDA RESTAURANT GROUP, INC., A CALIFORNIA CORPORATION
                                MONTE BAIER, AGENT FOR SERVICE
                                1683 WALNUT GROVE AVE.
                                ROSEMEAD, CA 91770

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Mon., May. 21, 2012 in the ordinary course of business.

5. Person Serving:                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. CHRISTINA M. PATINI             d.  *The Fee for Service was:*
   b. ProLegal                        e.  I am: (3) registered California process server
      1706 S. Figueroa Street              (i)    Independent Contractor
      LOS ANGELES, CA 90015                (ii)   Registration No.:
   c. (213) 481-8100, FAX (213) 763-8440  (iii)  County:

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Mon, May. 21, 2012

Judicial Council Form POS-030
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
By Mail

CHRISTINA M. PATINI          d80015 .lnlle.48211

EXHIBIT____H____   PAGE_____44____

# EXHIBIT B

Romo v. Panda Restaurant Group, Inc., et al.
Case No.: RIC1206398
Exhibit B to the Notice of Proof of Service of Summons

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*<br>MELISSA GRANT SBN.205633<br>· 1800 Century Park E 2nd Fl.<br><br>Los Angeles          CA          90067<br>ATTORNEY FOR *(Name)*          Plaintiff | TELEPHONE NO.<br>(310) 556-5637 | FOR COURT USE ONLY |
|---|---|---|

Insert of Court Name of Judicial District and Branch Court if any
RIVERSIDE COUNTY SUPERIOR COURT, RIVERSIDE

SHORT TITLE OF CASE
ROMO v PANDA RESTAURANT GROUP, INC.

| 2332795 | (HEARING) Date | Time | Dept | Case Number:<br>RIC1206398<br>REFERENCE NO.<br>Romo v. Panda Express |
|---|---|---|---|---|

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   CIVIL CASE COVER SHEET
   CERTIFICATE OF COUNSEL
   NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
   AND CASE MANAGEMENT CONFERENCE (CRC 9.722)
   ADR INFORMATION PACKAGE WITH BLANK STIPULATION

3. a. PARTY SERVED:   PANDA RESTAURANT GROUP, INC., a

   CAlifornia corporation

   b. PERSON SERVED:  DONNA WANSER, VICE PRESIDENT AUTHORIZED TO RECEIVE
                      CAUCASIAN FEMALE 45YRS 5'4" 110LBS, BROWN HAIR BROWN EYES

4. c. ADDRESS:        1683 Walnut Grove Drive
                      Rosemead          CA          91770

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
      AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON     5/29/2012  AT   3:15:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
      PANDA RESTAURANT GROUP, INC., a
      CAlifornia corporation

   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION  CCP 416.10

|  |  |
|---|---|
| 7a. Person Serving:    John          Duong<br><br>b. DDS Legal Support<br>2300 Bristol St<br>Costa Mesa, Ca 92626<br><br>c. (714) 662-5555 | d. The fee for service was          $32.50<br>e. I am:<br>    (1)      not a registered California process server;<br>    (3) X    registered California process server:<br>       (i) Independent Contractor<br>       (ii) Registration No:<br>       (iii) County:   LOS ANGELES          5932 |

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct.   John          Duong

6/6/2012                                                      X _____
                                                                      SIGNATURE

Form Approved for Optional Use Judicial
Council of California                              PROOF OF SERVICE                    CRC 982(A)(23)
POS-010 [REV Jan 1 2007]

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| MELISSA GRANT SBN.205633<br>1600 Century Park E Ste 200<br>Los Angeles        CA         90067 | (310) 558-5637 | |

ATTORNEY FOR (Name)    Plaintiff

Insert list Court Name of Judicial District and Branch Court if any
RIVERSIDE COUNTY SUPERIOR COURT, RIVERSIDE

SHORT TITLE OF CASE
ROMO v PANDA RESTAURANT GROUP, INC.

Case Number: RIC1206398

| 2332806 | (HEARING) Date | Time | Dept |
|---|---|---|---|

REFERENCE NO.
Romo v. Panda Restaurant Group,

### PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT; CERTIFICATE OF COUNSEL
   CIVIL CASE COVER SHEET
   NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
   AND CASE MANAGEMENT CONFERENCE (CRC 3.722)
   ADR INFORMATION PACKAGE WITH BLANK STIPULATION

3. a. PARTY SERVED:   PANDA EXPRESS, INC., a California corporation

   b. PERSON SERVED: DONNA WANSER, VICE PRESIDENT AUTHORIZED TO RECEIVE
      CAUCASIAN FEMALE 45YRS 5'4" 110LBS. BROWN HAIR BROWN EYES

4. c. ADDRESS:     1683 Walnut Grove Avenue
                    Rosemed        CA         91770

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
      AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON    5/29/2012  AT   3:15:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
      PANDA EXPRESS, INC., a California corporation

   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION  CCP 416.10

   d. The fee for service was          $74.90
   e. I am:
      (1)      not a registered California process server:
      (3) X    registered California process server:
               (i) Independent Contractor
               (i) Registration No:                         5932
               (i) County:   LOS ANGELES

7a. Person Serving:    John         Duong

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  John         Duong

6/6/2012

X _____
                SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

**PROOF OF SERVICE**

CRC 982(A)(23)

EXHIBIT ___##___   PAGE _____ 47

# EXHIBIT C

Romo v. Panda Restaurant Group, Inc., et al.
Case No.: RIC1206398
Exhibit C to the Notice of Proof of Service of Summons

EXHIBIT____H____   PAGE____48____

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and not a party to the within suit; my business address is 1800 Century Park East, 2nd Floor, Los Angeles, California 90067.

On June 8, 2012, I served the document described as: NOTICE OF PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT PANDA RESTAURANT GROUP, INC. AND DEFENDANT PANDA EXPRESS, INC. on the interested parties in this action by sending on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] as stated on the attached service list:

SEE ATTACHED SERVICE LIST

[✓] **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ] **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[ ] **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[ ] **BY PERSONAL SERVICE:** I had DDS Legal deliver the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[ ] **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this June 8, 2012, at Los Angeles, California.

Navid Zivari
Type or Print Name

Signature

Page 1
PROOF OF SERVICE

EXHIBIT ___H___ PAGE ___49___



**SERVICE LIST**

1

2

3  Donna Wanser
   Vice President of Legal for Panda
4  Restaurant Group, Inc.
   1683 Walnut Grove Avenue
5  Rosemead, CA 91770

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC

Page 1

**PROOF OF SERVICE**

EXHIBIT ____H____ PAGE ____50____

United States District Court, Eastern Division
*Antonio Romo v. Panda Restaurant Group, Inc., et al.*
Case No. _____

## CERTIFICATE OF SERVICE

I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

### NOTICE OF REMOVAL OF CLASS ACTION COMPLAINT

❑ **(BY FAX)** I transmitted via facsimile, from facsimile number (213) 629-7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date. A statement that this document was successfully transmitted without error is attached to this Proof of Service.

❑ **(BY E-MAIL)** On this date, I caused the above documents to be delivered electronically to the e-mail address(es) of the person(s) on the attached service list.

☒ **(BY MAIL)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

❑ **(BY PERSONAL SERVICE)** On this date, I caused the above documents to be delivered by hand delivery to the person(s) on the attached service list.

❑ **(BY OVERNIGHT DELIVERY)** On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 18, 2012, in Los Angeles, California.

Eva Angelina Rubio

CERTIFICATE OF SERVICE

United States District Court, Eastern Division
*Antonio Romo v. Panda Restaurant Group, Inc., et al.*
Case No. _____

**SERVICE LIST**

Melissa Grant , Esq.                       Attorneys for Plaintiff
Arnab Banerjee, Esq.                       ANTONIO ROMO
INITIATIVE LEGAL GROUP APC
1800 Century Park East, Second Floor
Los Angeles, CA  90067

Telephone:  (310) 556-5637
Facsimile:  (310) 861-9051

mgrant@initiativelegal.com
abanerjee@initiativelegal.com

- 2 -

CERTIFICATE OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 996 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Antonio Romo, individually and on behalf of other members of the general public similarly situated | PANDA RESTAURANT GROUP, INC., a California corporation; PANDA EXPRESS, INC., a California corporation; and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Melisa Grant (SBN 205633)<br>Initiative Legal Group APC<br>1800 Century Park East, 2nd Floor<br>Los Angeles, California  90067<br>Tel: (310) 556-5637 | Stephen G. Larson (SBN 145225)<br>Ruth Holt (SBN 223152)<br>ARENT FOX LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, California  90013-1065<br>Tel: (213) 629-7400 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT:** over $5,000,000

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC §§1332,1441, 1446 and 1453 (Class Action Fairness Act); Class Action Complaint alleging claims under Cal. Labor Code for unpaid wages, waiting time penalties, and under Cal. B&P § 17200, et seq. for unfair competition.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assult, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS — PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 22 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities – Employment
- ☐ 446 American with Disabilities – Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R.& Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☒ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 61 HIA(1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW 405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:**    Case Number: _EDCV12-996_

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Named Plaintiff:  Riverside | Putative Class Members:  Colorado, Oklahoma, others |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date  June 18, 2012
RUTH M. HOLT

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

United States District Court, Eastern Division
*Antonio Romo v. Panda Restaurant Group, Inc., et al.*
Case No. _____

## CERTIFICATE OF SERVICE

    I am a citizen of the United States.  My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013.  I am employed in the County of Los Angeles where this service occurs.  I am over the age of 18 years, and not a party to the within cause.

    On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

### CIVIL COVER SHEET

❑   (BY FAX)  I transmitted via facsimile, from facsimile number (213) 629-7401, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date.  A statement that this document was successfully transmitted without error is attached to this Proof of Service.

❑   (BY E-MAIL)  On this date, I caused the above documents to be delivered electronically to the e-mail address(es) of the person(s) on the attached service list.

☒   (BY MAIL)  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.  On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

❑   (BY PERSONAL SERVICE)  On this date, I caused the above documents to be delivered by hand delivery to the person(s) on the attached service list.

❑   (BY OVERNIGHT DELIVERY)  On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 18, 2012, in Los Angeles, California.

Eva Angelina Rubio

CERTIFICATE OF SERVICE

1

United States District Court, Eastern Division

2

*Antonio Romo v. Panda Restaurant Group, Inc., et al.*
Case No. _____

3

4

**SERVICE LIST**

5

6
7
8
9

Melissa Grant , Esq.
Arnab Banerjee, Esq.
INITIATIVE LEGAL GROUP APC
1800 Century Park East, Second Floor
Los Angeles, CA  90067

Attorneys for Plaintiff
ANTONIO ROMO

10

Telephone:  (310) 556-5637
Facsimile:  (310) 861-9051

11
12

mgrant@initiativelegal.com
abanerjee@initiativelegal.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

CERTIFICATE OF SERVICE