LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00996 GAF (OPx) | Date | June 29, 2012 |
|---|---|---|---|
| Title | Antonio Romo v. Panda Restaurant Group, Inc. et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Chris Silva for Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

**I.**
**INTRODUCTION & BACKGROUND**

On April 27, 2012, Plaintiff Antonio Romo filed this class action complaint against Defendants Panda Restaurant Group, Inc., and Panda Express, Inc. (collectively, "Defendants"), in Riverside County Superior Court. (Docket No. 1, Not, Ex. C [Compl.].) Plaintiff filed the complaint on behalf of a putative class consisting of all non-exempt or hourly paid employees who worked for Defendants in California within four years prior to the filing of the complaint, alleging that Defendants deprived the putative class of meal and rest periods, or forced them to work during such periods without compensation; failed to pay class members at least minimum wage for all hours worked; and failed to timely pay all wages to the class both during employment and upon termination. (Id. ¶¶ 15, 18.)

On June 18, 2012, Defendants timely removed the action to this Court, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Not. at 1.) However, because the Court concludes that the "home state controversy" exception to CAFA likely applies in this case, 28 U.S.C. § 1332(d)(4)(B), Defendants are **ORDERED TO SHOW CAUSE** as to why this action should not be remanded for lack of subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00996 GAF (OPx) | Date | June 29, 2012 |
|---|---|---|---|
| Title | Antonio Romo v. Panda Restaurant Group, Inc. et al. | | |

# II.
# DISCUSSION

### A. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) (district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, regardless of whether the parties raised the issue).

Under CAFA, 28 U.S.C. § 1332(d), federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and diversity of citizenship exists between at least one plaintiff and one defendant. 28 U.S.C. § 1332(d)(2). However, under CAFA's "home state controversy exception," a district court "shall decline" to exercise its diversity jurisdiction "over a class in which two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." Id. § 1332(d)(4)(B).

### B. APPLICATION

In their notice of removal, Defendants allege that jurisdiction is proper under CAFA because [1] minimal diversity exists; [2] the amount in controversy exceeds $5,000,000; and [3] the number of class members exceeds 100. (Not. ¶ 7.)

However, because Defendants bear the burden of establishing jurisdiction over this matter, and because it appears from the face of the complaint that the home state exception is applicable, they must either allege, or come forward with evidence competent to demonstrate that less than two thirds of the class members are from California. See Stock West, Inc., v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.") (citing California ex rel. Younger v. Andrus, 608 F.2d 1247, 1249 (9th Cir. 1979)). As this Court has previously held, the removing party bears the burden of showing the inapplicability of CAFA's home state or local controversy exceptions, at least where it

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00996 GAF (OPx) | Date | June 29, 2012 |
|---|---|---|---|
| Title | Antonio Romo v. Panda Restaurant Group, Inc. et al. | | |

becomes clear that these provisions are likely to apply.  See Amini v. Group 1 Automotive, Inc., 2011 WL 5871097, at *2 (C.D. Cal. Nov. 23, 2011) ("At the November 21 scheduling conference, it became apparent to the Court that a large number of the potential members of the proposed plaintiff classes are likely to also be citizens of California whose alleged injuries were incurred in California. . . . Accordingly, the Court cannot determine whether it must dismiss this action pursuant to CAFA's "local controversy exception," on the basis that greater than two-thirds of all potential class members are citizens of California; the principal injuries from Defendants' conduct were incurred in California; and at least one " 'real' defendant" is local.") (citing Coleman v. Estes Exp. Lines, Inc., 631 F.3d 1010, 1012, 1016–17 (9th Cir. 2011)).

Defendants concede that each is a citizen solely of California, and the class is made up solely of employees working in their California establishments.  (Not. ¶¶ 10, 12.)  Accordingly, because from the face of the complaint it appears that "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants are citizens of the State in which the action was originally filed", Defendants have not adequately alleged subject matter jurisdiction.  28 U.S.C. § 1332(d)(4)(B).

### III.  CONCLUSION

Defendants are **ORDERED TO SHOW CAUSE**, no later than **Friday, July 6, 2012**, as to why this action should not be dismissed for lack of subject matter jurisdiction.  **Failure to respond to this Order will be deemed consent to remand of the action.**

**IT IS SO ORDERED.**