JS - 6   **LINK: 1, 21**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00996 GAF (OPx) | Date | September 7, 2012 |
|---|---|---|---|
| Title | Antonio Romo v. Panda Restaurant Group, Inc. et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**      (In Chambers)

**ORDER TO REMAND**

**I.
INTRODUCTION & BACKGROUND**

At issue here is Plaintiff's motion for remand under the "home state controversy" exception to the Class Action Fairness Act ("CAFA"). (Docket No. 18, Mem.) In order for Plaintiff's motion to be granted, Plaintiff must establish, by a preponderance of the evidence, that two-thirds or more of the proposed class are citizens of California. 28 U.S.C 1332(d)(4)(B). No other aspect of that section is at issue here.

On April 27, 2012, Plaintiff Antonio Romo filed this class action complaint against Defendants Panda Restaurant Group, Inc., and Panda Express, Inc. (collectively, "Defendants"), in Riverside County Superior Court. (Docket No. 1, Not, Ex. C [Compl.].) Plaintiff filed the complaint on behalf of a putative class consisting of all non-exempt or hourly paid employees who worked for Defendants in California within four years prior to the filing of the complaint, alleging that Defendants deprived the putative class of meal and rest periods, or forced them to work during such periods without compensation; failed to pay class members at least minimum wage for all hours worked; and failed to timely pay all wages to the class both during employment and upon termination. (Id. ¶¶ 15, 18.)

On June 18, 2012, Defendants timely removed the action to this Court, pursuant to CAFA, 28 U.S.C. § 1332(d). (Not. at 1.) On June 29, 2012, the Court ordered Defendants to show cause as to why the action should not be remanded for lack of subject matter jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00996 GAF (OPx) | Date | September 7, 2012 |
|---|---|---|---|
| Title | Antonio Romo v. Panda Restaurant Group, Inc. et al. | | |

due to the "home state controversy" exception to CAFA (28 U.S.C. § 1332(d)(4)(B)). (Docket No. 12, 6/29/12 Order; ) Defendants responded and Plaintiff replied to the response. (Docket No. 16, OSC Response; Docket No. 18, Reply.) Because of Ninth Circuit precedent regarding the burden of showing a CAFA exception applies, Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1024 (9th Cir. 2007), the Court construed Plaintiff's reply as a motion for remand. (Docket No. 24, 7/24/12 Order.) Defendants filed their opposition to Plaintiff's motion for remand. (Docket No. 27, Opp.) Plaintiff replied to Defendants' opposition. (Docket No. 31, Reply.)

On the basis of these papers and case law regarding CAFA's home state controversy exception, discussed below, the Court finds that Plaintiff has met his burden and the exception applies. Accordingly, the Court does not have subject matter jurisdiction. The Court **GRANTS** Plaintiff's motion for remand. Due to this decision, the Court **DENIES** as **MOOT** Defendants' motion to dismiss. (Docket No. 21.)

## II.
## DISCUSSION

### A. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) (district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, regardless of whether the parties raised the issue).

Under CAFA, 28 U.S.C. § 1332(d), federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and diversity of citizenship exists between at least one plaintiff and one defendant. 28 U.S.C. § 1332(d)(2). However, under CAFA's "home state controversy exception," a district court "shall decline" to exercise its diversity jurisdiction "over a class in which two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." Id. § 1332(d)(4)(B). In this Circuit, once a party establishes federal jurisdiction under CAFA, a party seeking to apply an exception to CAFA has the burden to so prove by a preponderance of the evidence. Serrano, 478 F.3d at 1024.

JS - 6     LINK: 1, 21

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00996 GAF (OPx) | Date | September 7, 2012 |
|---|---|---|---|
| Title | Antonio Romo v. Panda Restaurant Group, Inc. et al. | | |

**B.  APPLICATION**

In their notice of removal, Defendants allege that jurisdiction is proper under CAFA because [1] minimal diversity exists; [2] the amount in controversy exceeds $5,000,000; and [3] the number of class members exceeds 100.  (Not. ¶ 7.)  Defendants also concede that each defendant is a citizen solely of California.  (Not. ¶ 10.)  The class is made up solely of employees working in Defendants' California establishments.  (Compl. ¶ 15.)  At issue here is whether Plaintiff has shown, to a preponderance, that two-thirds or more of the proposed class are citizens of California.

**1. CLASS CITIZENSHIP**

Plaintiff, utilizing an expert, argues "that it is likely that **97 percent of the prospective class members remain domiciled in California.**"  (Mem. at 2, emphasis in the original) Plaintiff's expert:

> [R]eferenced data collected by the U.S. Census Bureau in the American Community Survey (ACS).  The ACS survey is collected throughout the United States, randomly sampling approximately 3 million households each month. . . .  This data forms the basis of determining migration patterns – i.e., the general propensity for residents of a particular state to move to another state.

(Mem. at 8, citing Docket No. 18.1, Declaration of Patricia C. Becker [Becker Decl.], ¶ 5.) Plaintiff's expert concluded "'it is extremely likely that no more than 1.86 percent of California residents moved out of the state in each of the two years [evaluated].  It is equally likely that only 1.14 percent moved.'"  (Mem. at 8, quoting Becker Decl. ¶ 6.)  Plaintiff's expert took the yearly average (about 1.5 percent) and "doubl[ed] it to represent the median length of time (2 years) that members of the proposed class have not been Panda employees."  (Becker Decl., ¶ 8.) With respect to the 18-29 age group, which Defendants argue makes up 74% of the proposed class, (Opp. at 11), Plaintiff's expert concluded there was "an interstate migration rate of **6.4** percent for the age group 18-24 and **5.6** percent for the age group 25-29."  (Reply at 14, citing Docket No. 32, Declaration of Patricia Becker [Becker Rebuttal Decl.] ¶ 2, emphasis in original).  The 18-29 percentages were determined by Plaintiff's expert using the Current Population Survey, which Defendants' expert regards as "a longstanding standard for assessing patterns of interstate migration."  (Docket No. 28.1, Declaration of Dowell Myers [Myers Decl.] ¶ 4.)

JS - 6  LINK: 1, 21

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00996 GAF (OPx) | Date | September 7, 2012 |
|---|---|---|---|
| Title | Antonio Romo v. Panda Restaurant Group, Inc. et al. | | |

**2. DEFENDANTS' CONTENTIONS**

Defendants argue: (1) Plaintiff could have limited the proposed class to citizens; (2) Plaintiff did not identify any proposed class member as a California citizen; (3) Plaintiff's expert and her methods are unreliable; (4) Plaintiff relies on "improper and untenable assumptions" (Opp. at 5-19). Each of these arguments, however, individually and in concert fail to establish that Plaintiff did not meet his burden.

Defendants' first two arguments are unavailing for obvious reasons. First, while it is certainly the case that Plaintiff could have drawn his class in such a way as to clearly avoid this very issue, the Court is aware of no authority requiring Plaintiff to do so. Second, the burden here is merely by a preponderance. Plaintiff did not have to identify anyone as a California citizen, he had to demonstrate, by a preponderance, that two-thirds or more of the proposed class are California citizens. That is, Plaintiff simply had to show it was more likely than not. As the Fifth Circuit recently held, "Although [Defendants'] statistics about Texas residents are not specific to the Insured, these statistics are nonetheless probative, particularly in the absence of any contrary showing by the Insured." Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 572 (5th Cir. 2011). While Defendants here did combat Plaintiff's evidence with some evidence of their own, Plaintiff's evidence was nonetheless persuasive on the citizenship issue.

Addressing Defendants' third argument, regarding the reliability of Plaintiff's expert and her methods, "[i]n some cases, statistical evidence may suffer from serious methodological flaws and can be excluded, consistent with the trial court's 'gatekeeping' power, under Rule 702." Obrey v. Johnson, 400 F.3d 691, 696 (9th Cir. 2005). However, the admissibility of expert testimony, at this stage in the litigation in particular, is predicated upon what that testimony purports to analyze and what the testimony is being used to show. Id. at 695 ("A statistical study may fall short of proving the plaintiff's case, but still remain relevant to the issues in dispute.").

Defendants put forth an expert in an attempt to undermine Plaintiff's expert's methodology and conclusion. However, Defendants' arguments are clearly directed at weight rather than admissibility. When "the factfinder [is] confronted with opposing experts, additional tests, experiments, and publications . . . their presence should not preclude the admission of the expert's testimony - they go to the weight, not the admissibility." Kennedy v. Collagen Corp., 161 F.3d 1226, 1230-1231 (9th Cir. 1998).

As an initial matter, Defendants do not dispute the qualifications of Plaintiffs' expert or her designation as such. Defendants also do not argue that the data relied on was inherently flawed or inappropriate to show migration patterns. At best Defendants argue that the ACS data

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00996 GAF (OPx) | Date | September 7, 2012 |
|---|---|---|---|
| Title | Antonio Romo v. Panda Restaurant Group, Inc. et al. | | |

"cannot be relied on in isolation." (Myers Decl. ¶ 4). Defendants offer no reason to believe this is anything other than one expert's opinion versus another's. When viewing Plaintiff's evidence in light of what it is intended to prove, Plaintiff's evidence is plainly relevant and sufficient. Plaintiff's statistical evidence certainly suffers from flaws, but taking Plaintiff's evidence as a general statement regarding the migration patterns of Californian's as a whole, it is relevant inferential evidence to support the common sense notion that people who live in California overwhelmingly tend to stay here. And there was no indication by the Defendants that a number of employees approaching one-third were commuting to California from out of state.[1]

### 3. COMMON SENSE AND PREPONDERANCE

Regarding Defendants' fourth argument, courts in this Circuit have not shied from making common sense judgments as to the citizenship of purported class members. See Quesada v. Herb Thyme Farms, Inc., 2011 U.S. Dist. LEXIS 37697 at 9 (C.D. Cal. Mar. 28, 2011) (finding sufficient on its face that the two-thirds requirement was met for "proposed class limited to purchasers within California"); Flores v. Chevron Corp., 2011 U.S. Dist. LEXIS 59884 at 10 (C.D. Cal. May 31, 2011) (same); Haynes v. EMC Mortg. Corp., 2010 U.S. Dist. LEXIS 46436 at 9 (N.D. Cal. Apr. 12, 2010) (finding sufficient on its face that the two-thirds requirement was met for classes defined to include persons who owned real or residential real property in California). A California purchaser is by no means necessarily a California citizen. Similarly, a piece of real property in California could just as easily be a vacation property. But Flores and Haynes both readily concluded that the home state exception applied.

The Court finds Flores and Haynes persuasive. Here the Court is confronted with a putative class, estimated at 14,000 employees of Panda restaurants in California. The likelihood that 4,620 members of that class are not California citizens, particularly given the statistical data discussed above, is highly unlikely. The evidence before the Court is more than sufficiently persuasive to meet the preponderance standard and to support the conclusion that the home state controversy exception to CAFA applies in this case.

---

[1] Defendants point to the fact that about 850 employees from out of state came to California to train. (Opp. at 15). Even assuming that all of these employees are not now California citizens, in a class of over 14,000, this amounts to about 6 percent of the class.

JS - 6    **LINK: 1, 21**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-00996 GAF (OPx) | Date | September 7, 2012 |
|---|---|---|---|
| Title | Antonio Romo v. Panda Restaurant Group, Inc. et al. | | |

### III.  CONCLUSION

     Accordingly, the Court finds subject matter jurisdiction lacking over this action.  The Court **GRANTS** Plaintiff's motion to remand, and the Court **REMANDS** this action to Riverside County Superior Court**.**  Defendants' motion to dismiss is **DENIED** as **MOOT**.  The hearing scheduled for September 10, 2012 is hereby **VACATED**.

     **IT IS SO ORDERED.**